**RECEIVED**

JUN 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## United States District Court
### FOR THE DISTRICT OF COLUMBIA

Marshall Richard Spahr
710 Majestic Parkway
Woodland Park, Colorado
80863

Case No. 1:07-cv-00362 (ESH)

**AMENDED COMPLAINT**

Plaintiff,

Jury Trial Demanded

v.

United States of America

Defendant.

---

**AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM FOR JUDICIAL REVIEW
AND FOR DAMAGES
IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
FOR JUDICIAL REVIEW AND FOR DAMAGES UNDER THE AUTHORITY OF 26
U.S.C. § 7433[1]**

### INTRODUCTION

COME(S) NOW, Marshall Richard Spahr, in his own right, <u>Faretta v. California</u>, 422

US 809, reserving his right to Assistance of Counsel, Id., AMENDMENT VI, UNITED

STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC §

2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS,

---

[1] Pursuant to the terms of 26 USC 7433(a) Plaintiff is instructed to sue the United States (Government), The Internal Revenue Service is not a party to this action, thus service upon the IRS is not required. This is not an action requesting declaratory judgment, refund of taxes under 26 USC 7422 or an action for injunctive relief. As set forth herein, this is an action for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding Plaintiff.

implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register 240, pp 68991-68993 and pursuant to his right under Fed. R. Civ. P. Rule 15, hereby amends his complaint as follows, and for his cause of action, avers:

## I.    PARTIES

A.    Marshall Richard Spahr, Plaintiff, is a Citizen of Colorado, a Republic, "State in th[e] Union,"  established in Art. IV § 4 United States Constitution, *see also*: Hooven & Allison v. Evatt, 324 U.S. 652, 672-674, domiciled at the address shown above.

B.    Defendant is the UNITED STATES OF AMERICA, established in Art. II, United States Constitution.

## II.    JURISDICTION

A.    The district court of the United States has jurisdiction

1.    pursuant to §§ 704 and 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 392; 393,  to determine whether officers or employees responsible for agency actions[2] subject of Counts one through forty-one, below, disregarded identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder; and,

2.    pursuant to the FEDERAL RECORDS ACT; 82 Stat. 1297, *et seq.*; and the NATIONAL ARCHIVES ACT, 90 Stat. 2723, *et seq.*, to

---

[2]'Agency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act;" 5 USC 551 (13).

review the agency record for the purposes described in ¶ II.A., above; and,

B.   Upon such finding, the district court of the United States has power, pursuant to § 706 of the ADMINISTRATIVE PROCEDURE ACT, 80 Stat. 393, to compel agency action unlawfully withheld or unreasonably denied; Id., 80 Stat. 393 , and to hold unlawful and set aside agency action, findings, and conclusions found to be,

1.   in disregard of, i.e., not in accordance with, the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder;

2.   contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations of the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, or

3.   short of statutory right; without observance of procedure required by the identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, and,

C.   Upon such finding, to award damages for such disregard of identified provisions of the INTERNAL REVENUE CODE and regulations promulgated thereunder, pursuant to the Taxpayers' Bill of Rights, P.L 105-206, § 3102, 112 Stat 730, *aka* § 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended

## III.   VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein "The Office of the Secretary" is required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is so exercised, at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV.   ALLEGATIONS[3]

Plaintiff, in accordance with the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[4], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), alleges:

## COUNT 1

By disregard of Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code.

---

[3] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

[4] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

COUNT 2

By disregard of Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to notify Plaintiff, by notice served, of the imposition of a requirement keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 3

By disregard of Internal Revenue Code section 6020, 68A Stat. 740, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Marshall Richard Spahr, as authorized *if* a "...person shall fail to make a return required...".

COUNT 4

By disregard of Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers  and / or agents, of Internal Revenue Service, a component of the Department of Treasury, failed to prepare any Substitute(s) for Return(s) in the name of Marshall Richard Spahr.

COUNT 5

By disregard of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, and / or agents of Internal Revenue Service, a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Marshall Richard Spahr.

COUNT 6

By disregard of Federal Tax Regulation 26 CFR 301.6020-1, subsection (b)(2), promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6020 , 68A Stat. 740, subsection (b)(2) with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Marshall Richard Spahr.

COUNT 7

By disregard of Internal Revenue Code section 6103 , 68A Stat. 753, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Plaintiff or Plaintiff's representative upon request.

COUNT 8

By disregard of Internal Revenue Code section 6109  , 75 Stat. 828, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, forced Plaintiff into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, *see* 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, *see* 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 9

By disregard of Internal Revenue Code section 6201, 68A Stat. 767, subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to limit assessments to:

1.    Taxes shown on return 26 USC § 6201(a)(1); and,

2.    Unpaid taxes payable by stamp 26 USC § 6201(a)(2).

COUNT 10

By disregard of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, assessed amounts assessable only upon those engaged in activity relating to Alcohol, Tobacco Products, and Firearms.

COUNT 11

By disregard of Internal Revenue Code section 6202, 68A Stat. 768, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limitations imposed upon the Secretary's authority to establish by regulations the mode or time for the assessment of any internal revenue tax (including interest, additional amounts, additions to the tax, and assessable penalties).

COUNT 12

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to defeat the application thereof: defendant, through principals, officers, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Marshall Richard Spahr.

COUNT 13

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign, summary record(s) of assessment, which include(s),

 (1) identification of the taxpayer;

 (2) character of liability assessed;

 (3) taxable period, if applicable; and,

 (4) amount of assessment.

COUNT 14

By disregard of Internal Revenue Code section 6203, 68A Stat. 768, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of assessments "filed in the Office of the Secretary" upon request.

COUNT 15

By disregard of Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed summary records of assessment with supporting lists upon request.

COUNT 16

By disregard of Internal Revenue Code section 6211, 68A Stat. 770, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, failed to promulgate regulations to implement Internal Revenue Code section 6211, 68A Stat. 770 with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 17

By disregard of Internal Revenue Code section 6301, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, exceeded the limits imposed upon the Secretary's authority to collect taxes by asserting three Notice(s) of Levy against Plaintiff. Exhibit # 3, # 4, and # 5 are copies of

said Notice(s) of Levy. Said Notice(s) of Levy were made, executed, and issued in violation of Internal Revenue Code section 6301, 68A Stat. 775; Specifically:

1.    The Commissioner of Internal Revenue failed to develop and implement procedures under which - "(1) a determination by an employee to file a notice of lien or levy with respect to, or to levy or seize, any property or right to property would, where appropriate, be required to be reviewed by a supervisor of the employee before the action was taken"; and,

2.    The Commissioner of Internal Revenue failed to develop and implement procedures under which -"(2) appropriate disciplinary action would be taken against the employee or supervisor where the procedures under paragraph (1) were not followed"; and,

3.    The Commissioner of Internal Revenue failed to develop and implement a review process under subsection (a)(1) which includes a certification that the employee has -

"(1) reviewed the taxpayer's information;

"(2) verified that a balance is due; and

"(3) affirmed that the action proposed to be taken is appropriate given the taxpayer's circumstances, considering the amount due and the value of the property or right to property."

The Commissioner's failures in regard to Internal Revenue Code section 6301, 68A Stat. 775 render all collection actions based on the aforesaid Notice(s) of Levy unlawful. Exhibits # 6 and # 7 are examples of damages suffered by Plaintiff as a direct result of the aforesaid unlawful Notice(s) of Levy.

COUNT 18

By disregard of Internal Revenue Code section 6303, 68A Stat. 775, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to "within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof" with respect to tax imposed in Subtitle A of the Internal Revenue Code.

COUNT 19

By disregard of Internal Revenue Code section 6304 , 112 Stat. 768, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax."

COUNT 20

By disregard of Internal Revenue Code section 6320 , 112 Stat. 746, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330.

COUNT 21

By disregard of Internal Revenue Code section 6321, 68A Stat. 779, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted two Notice(s) of Lien, allegedly for failure or neglect to pay amounts for which no assessment was made. Exhibit # 1 and Exhibit # 2 The aforesaid Notice(s) of Lien were made, executed, and issued in violation of, and with the intent to defeat, Internal Revenue Code section 6321, 68A Stat. 779 owing to the fact said Notice(s) were made, executed, and issued without giving proper notice and without making demand.

COUNT 22

By disregard of section 6751(b)(1) of the Internal Revenue Code of 1986, 68A Stat 3, § 6751(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination.

COUNT 23

By disregard of Internal Revenue Code section 6322, 68A Stat. 779, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted two Notice(s) of Lien, allegedly for failure or neglect to pay amounts for which no assessment was made. Exhibit # 1 and Exhibit # 2 The aforesaid Notice(s) of Lien were made, executed, and issued with the intent that same be recorded into the Public Record, in violation of, and with the intent to defeat, Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1.

COUNT 24

By disregard of Internal Revenue Code section 6323, 68A Stat. 779, subsection (f),

paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to certify two Notice(s) of Lien, Exhibits #1 and #2. Without the certification required at Internal Revenue Code section 6323, 68A Stat. 779, subsection (f), paragraph (1), subparagraph (A), Notice(s) of Lien are not entitled to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado.

COUNT 25

By disregard of Internal Revenue Code section 7213, 68A Stat. 855, subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, unlawfully disclosed return information - by filing two Notice(s) of Lien into the Public Record, in stated amounts for which no record of assessment exists.

COUNT 26

By disregard with intent to defeat the application of Federal Tax Regulations in 27 CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, 68A Stat. 917; defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, a component of the Department of Treasury, unlawfully imposed collection actions, and collected from Plaintiff amounts collectable only from those engaged in activity(s) relating to Alcohol, Tobacco Products, and Firearms.

## V
## SPECIAL MATTERS

Counts one through twenty-six, above, are re-alleged and incorporated as if fully set forth herein. Upon information and belief, each disregard of provisions of the

INTERNAL REVENUE CODE and regulations promulgated thereunder identified above;

was intended to defeat the application of the respective provision of the Internal Revenue

Code, is a separate and distinct violation of IRC § 7214(a)(3).

## REMEDY SOUGHT

.    Plaintiffs seek an ORDER directing Defendant to pay Plaintiff damages in

accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue

Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e.,

10,000.00 per disregard; totaling $~~26~~,000.00    *260 mil*

Dated: June _15_, 2007

Respectfully submitted;

*Marshall Richard Spahr*

Marshall Richard Spahr

### Jurat

Sworn to and subscribed before me, a Notary Public in the State of Colorado,
this ___15th___ day of June, 2007.

*Sandy Fuller*

Notary Public

My Commission expires: ___11-1-08___

# A F F I D A V I T

Affiant, Marshall Richard Spahr, is of lawful age and competent to testify, after having been duly sworn, state as follows based upon his own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiant's request;

6.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority of the IRS to substitute any other document or form for a Form 23-C (Summary Record of Assessment).

10. Affiant is not in possession of any document which establishes that defendants' agency is willing to reconsider the position it has taken in the voluminous correspondence affiant has received from defendant's agency.

11. Affiant has diligently and repeatedly sought to remedy this situation with the IRS.

12.   The IRS has ignored, dismissed or trivialized any attempt to discuss an amicable settlement.

13.   Affiant has commenced this action within two (2) years after the date on which the right of this action accrued.

14   Affiant believes there is no possible way that Defendant, the United States, can answer any of the claims made in this pleading.


Dated: June _15_____, 2007


*Marshall Richard Spahr*

**Marshall Richard Spahr**


<u>Jurat</u>

Sworn to and subscribed before me, a Notary Public in the State of Colorado, this ___15th___ day of June, 2007.

*Sandy Bueler*

Notary Public

My Commission expires: ___11-1-08___

## CERTIFICATE OF SERVICE

I certify that on June __15__, 2007 a true and complete copy of the foregoing AMENDED COMPLAINT and its Exhibits was served via certified Priority Mail (7006 3450 0001 8857 2936), postage paid, to the following, addressed as follows:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227 Ben Franklin Station
Washington, DC 20044

*Marshall Richard Spahr*

Marshall Richard Spahr

C /NP
10 /W

**Form 668(Y)**
(Rev. 10-1999)

Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

| | |
|---|---|
| Small Business/Self Employed Area: 5 | **Serial Number** 270601857 |

For Optional Use by Recording Office

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
Linda McLain, a.k.a., Linda LaCroix, as nominee for
Marshall Spahr

| Residence | 601 787 | 12/27/2006 2:00 PM | Patricia A Crowson |
|---|---|---|---|
| 710 Majestic Parkway | 1 of 2 | FEDER RS11 00 D30 00 | Teller County |
| Woodland Park, CO 80863 | | | |

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | XXX-XX-6345 | 10/11/2004 | 11/10/2014 | $22,006.69 |
| 1040 | 12/31/1997 | XXX-XX-6345 | 12/29/2003 | 01/28/2014 | $1,182.45 |
| 1040 | 12/31/1998 | XXX-XX-6345 | 12/29/2003 | 01/28/2014 | $2,790.12 |
| 1040 | 12/31/1999 | XXX-XX-6345 | 12/29/2003 | 01/28/2014 | $870.91 |
| 1040 | 12/31/2000 | XXX-XX-6345 | 12/29/2003 | 01/28/2014 | $574.56 |
| 1040 | 12/31/2001 | XXX-XX-6345 | 06/19/2006 | 07/19/2016 | $93,430.16 |
| 1040 | 12/21/2002 | XXX-XX-6345 | 06/19/2006 | 07/19/2016 | $74,651.50 |
| 1040 | 12/31/2003 | XXX-XX-6345 | 06/19/2006 | 07/19/2016 | $80,136.72 |

**See Attachment for Description of Property**

| Place of Filing | | |
|---|---|---|
| CLERK AND RECORDER TELLER COUNTY CRIPPLE CREEK, CO 80813 | Total | $275,643.01 |

This notice was prepared and signed at LAKEWOOD, CO, on this, the 27th day of December, 2006.

| Signature | Title |
|---|---|
| Mike Pryor  Employee # - 84-10124 | Revenue Officer, Phone # - 303-231-5270 x229 |

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 1 - Recording Office

Form **668(Y)** (Rev. 10-1999)

# Exhibit # 1

1872

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #11 Lien Unit Phone: (303) 446-1447 | Serial Number 208181205 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  MARSHALL SPAHR

Residence          710 MAJESTIC PKY
                   WOODLAND PARK, CO 80863

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1996 | 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 | 10/11/2004 | 11/10/2014 | 22536.63 |
| 1040 | 12/31/1997 | 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 | 12/29/2003 | 01/28/2014 | 1128.45 |
| 1040 | 12/31/1998 | 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 | 12/29/2003 | 01/28/2014 | 2790.12 |
| 1040 | 12/31/1999 | 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 | 12/29/2003 | 01/28/2014 | 870.91 |
| 1040 | 12/31/2000 | 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 | 12/29/2003 | 01/28/2014 | 574.56 |

ROBERT C. "BOB" BALINK   El Paso County, CO
01/12/2005  01:35:27 PM
Doc $0.00    Page
Rec $6.00    1 of 1      205006296

| Place of Filing  CLERK AND RECORDER EL PASO COUNTY COLORADO SPRINGS, CO 80903 | Total | $ | 27900.67 |
|---|---|---|---|

This notice was prepared and signed at _____ DENVER, CO _____ , on this,

the _____07th_____ day of ____January____ , 2005.

| Signature *Sherwood* for MIKE PRYOR | Title REVENUE OFFICER (303) 231-5270 x2290 | 31-10-4668 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

# Exhibit # 2

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
| --- | --- |
| (Rev. July 2002) | **Notice of Levy** |

DATE: **10/10/2006**

REPLY TO: **Internal Revenue Service**
**MICHAEL J PRYOR**
**12600 W COLFAX AVE**
**LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: **(303)231-5270**

TO: **BANK ONE, COLORADO, NA**
**P O BOX 215002**
**DENVER, CO 80221-9002**

NAME AND ADDRESS OF TAXPAYER:

**MARSHALL SPAHR DBA**
**ADVANCED CHIROPRACTIC**
**710 MAJESTIC PKY**
**WOODLAND PARK, CO 80863-7751**

IDENTIFYING NUMBER(S):   **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**

SPAH                                    84–1291630

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
| --- | --- | --- | --- | --- |
| 1040 | 12/31/1996 | 22536.63 | 3251.01 | 25787.64 |
| 1040 | 12/31/1997 | 1182.45 | 214.42 | 1396.87 |
| 1040 | 12/31/1998 | 2790.12 | 513.42 | 3303.54 |
| 1040 | 12/31/1999 | 870.91 | 172.41 | 1043.32 |
| 1040 | 12/31/2000 | 574.56 | 203.21 | 777.77 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ================================ ⇒ | Total Amount Due | 32309.14 |
| --- | --- | --- |

We figured the interest and late payment penalty to  **11-09-2006**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
| --- | --- |
| **/S/ MICHAEL J PRYOR** | **REVENUE OFFICER** |

Part 4 –    For Taxpayer

Form **668-A(ICS)** (7-2002)

# Exhibit # 3

| Form **668-A(ICS)**<br>(Rev. July 2002) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy** |
|---|---|

DATE: **11/17/2006**

REPLY TO:  **Internal Revenue Service**
            **MICHAEL J PRYOR**
            **12600 W COLFAX AVE**
            **LAKEWOOD, CO 80215-3733**

TO:  **CANON NATIONAL BANK**
      **OPERATIONS**
      **P O BOX 829**
      **CANON CITY, CO 81215**

TELEPHONE NUMBER
OF IRS OFFICE: **(303)231-5270**

NAME AND ADDRESS OF TAXPAYER:

**MARSHALL SPAHR DBA**
**ADVANCED CHIROPRACTIC**
**710 MAJESTIC PKY**
**WOODLAND PARK, CO 80863-7751**

IDENTIFYING NUMBER(S):  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

SPAH

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1996 | 22536.63 | 3466.66 | 26003.29 |
| 1040 | 12/31/1997 | 1182.45 | 226.10 | 1408.55 |
| 1040 | 12/31/1998 | 2790.12 | 541.04 | 3331.16 |
| 1040 | 12/31/1999 | 870.91 | 181.03 | 1051.94 |
| 1040 | 12/31/2000 | 574.56 | 208.90 | 783.46 |
| 1040 | 12/31/2001 | 93430.16 | 3750.24 | 97180.40 |
| 1040 | 12/31/2002 | 74651.50 | 5439.10 | 80090.60 |
| 1040 | 12/31/2003 | 80136.72 | 6060.77 | 86197.49 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ===============⇒ | Total Amount Due | 296046.89 |
|---|---|---|

We figured the interest and late payment penalty to  **12-17-2006**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days** before sending it to us.  They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to **United States Treasury**.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative<br>**/S/ MICHAEL J PRYOR** | Title<br>**REVENUE OFFICER** |
|---|---|

**Part 2 –**   For Taxpayer

Form **668-A(ICS)** (7-2002)

# Exhibit # 4

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Rev. July 2002) | **Notice of Levy** |

**DATE: 10/18/2006**

REPLY TO: **Internal Revenue Service**
**MICHAEL J PRYOR**
**12600 W COLFAX AVE**
**LAKEWOOD, CO 80215-3733**

TELEPHONE NUMBER
OF IRS OFFICE: **(303)231-5270**

NAME AND ADDRESS OF TAXPAYER:

TO: **CHASE**
**COURT ORDER & LEVY DEPARTMENT**
**451 FLORIDA ST**
**BATON ROUGE, LA 70801-1700**

**MARSHALL SPAHR DBA**
**ADVANCED CHIROPRACTIC**
**710 MAJESTIC PKY**
**WOODLAND PARK, CO 80863-7751**

IDENTIFYING NUMBER(S): 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

**SPAH**    **And or**    84-1291630

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1996 | 22536.63 | 3296.26 | 25832.89 |
| 1040 | 12/31/1997 | 1182.45 | 216.87 | 1399.32 |
| 1040 | 12/31/1998 | 2790.12 | 519.21 | 3309.33 |
| 1040 | 12/31/1999 | 870.91 | 174.22 | 1045.13 |
| 1040 | 12/31/2000 | 574.56 | 204.40 | 778.96 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ============================ ⇒ | Total Amount Due | 32365.63 |
|---|---|---|

We figured the interest and late payment penalty to  **11-17-2006**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

**Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have** (or are already obligated for) **when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury.** If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| **/S/ MICHAEL J PRYOR** | **REVENUE OFFICER** |

Part 4 –    For Taxpayer

Form **668-A(ICS)** (7-2002)

# Exhibit # 5

## PLEASE REMOVE THIS PAGE BEFORE COMPLETING IT.

**SECTION 1. — Levy Acknowledgment**

Signature of person responding ___Marilyn Kettle___

Printed name of person responding ___Marilyn Kettle___

Your telephone number ___(719) 784-4871___

Date and time this levy received ___11-21-06  12:05 pm___

**SECTION 2. — Levy Results** *(Check all applicable boxes.)*

☒ Check attached in the amount of $___471.81___

☐ No Funds

☐ No Account

☐ No Record

**SECTION 3. — Other Information** *(Please complete this section only if you are NOT sending us the total amount the taxpayer owes.)*

Taxpayer's latest address, if different
from the one on this levy: _____

_____

Taxpayer's telephone number: ___(719) 687-4353___

Name and address of taxpayer's
employer, if different from addressee: _____

_____

Next date you will owe funds to the taxpayer: _____

_____

Other information you believe may help us: _____

_____

Form **668-A (ICS)** (7-2002)

# Exhibit # 6


**JPMorgan** 

JPMorgan Chase Bank, N.A.
Court Orders and Levies Dept
Mail Code LA2-2808
PO Box 260164
Baton Rouge LA 70826-0164
Phone: (225) 332 -7250
Fax:    (225) 332-7274

**Send Overnight to:**
451 Florida St
Baton Rouge LA 70801

*Monday, October 23, 2006*

ADVANCED CHIROPRACTIC

1917 LELARAY ST

COLORADO SPRINGS CO 80909

**RE: IRS - NOTICE OF LEVY**

Dear Valued Customer:

JPMorgan Chase Bank, N.A. has been served by the Internal Revenue Service (IRS) with the enclosed Notice of Levy.  According to IRS regulations, the bank is required to place a hold on funds in your account(s) on the day the levy was served, up to the tax liability amount of  $32,365.63.  The amounts held in each account are listed below:

| Order Date | Account Number | Amount of Freeze |
|---|---|---|
| *Monday, October 23, 2006* | *80137852* | *$48.01* |
| *Monday, October 23, 2006* | *82120047* | *$10.22* |

In order to release the hold on your account(s), please contact your nearest IRS office immediately.  If JPMorgan Chase Bank, N.A. receives a written Release of Levy from the IRS: within 21 calendar days of the date the levy was served, the hold(s) will be released.  If we have not received a release in the 21-day period, the bank will be required to debit your account(s) by the "hold amount" shown above, and to forward those funds to the IRS.  Note: A verbal release from the IRS cannot be accepted, but the written release may be faxed to (225) 332-7274.

Your funds are restricted only in the amount(s) indicated above.  Therefore, you may still make deposits to your account(s) in order to cover any checks written before the date of levy, and to assure payment of checks during this 21-day period.  According to your Deposit Account Agreement, your account(s) may be charged a legal processing fee of $50.00.  Please be sure to adjust your balance accordingly.  This fee is not included in the "hold amount" listed above.  In addition, if any checks are written in amounts exceeding the balance in your account, your account will be subject to bank fees for insufficient funds.

JPMorgan Chase Bank, N.A. cannot provide you with legal advice concerning this matter.  If you have any questions about the issuance of the levy or the hold on your account(s), please contact the IRS at the number listed on the levy.  Thank you for your prompt attention to this matter.

Court Orders and Levies Department

Enclosure
(IRS Levy NLP0001)

# Exhibit # 7