

RECEIVED
JUL 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marshall R. Spahr,  ) | |
| ) | Case No: 1:07-cv-00362 (ESH) |
| Plaintiff,  ) | |
| v.  ) | |
| ) | **Response to Motion to Dismiss** |
| UNITED STATES (Government),  ) | **Amended Complaint** |
| ) | |
| Defendant.  ) | |
| ) | |

### INTRODUCTION

Defendant asserts that this Court lacks subject-matter jurisdiction in the instant matter on the basis of misreading, misconstruction, misinterpretation, or misrepresentation of my Amended Verified Complaint as "appear[ing] to be challenging the underlying tax liability rather than any unauthorized collection", further asserting that "The United States has not waived its sovereign immunity over such damage claims." Defendant then makes the frivolous assertion that I "failed to state an unauthorized collection claim, and that I seek "relief pursuant to a criminal statute and the Court lacks jurisdiction over that claim."

Plaintiff hereby responds to the United States' Motion to Dismiss my Amended Verified Complaint:

### QUESTION PRESENTED

Is defendant's assertion that the instant action "is merely an improper attempt to

challenge the underlying tax liability" a misreading, misconstruction, misinterpretation, or misrepresentation of my Verified Complaint?

## DISCUSSION

In frivolously asserting that the instant action "is merely an improper attempt to challenge the underlying tax liability" defendant cites McGuirl v United States, 360 F. Supp.2d 125,128 (D.D.C2.0 04), a case decided upon failure to exhaust administrative remedies[1] under Internal Revenue Code section 7433, the primary basis for the instant action. Defendant's assertion therefore relies upon failure to exhaust as a basis for dismissal, while attempting to avoid actual assertion thereof.

Defendant's citations to Arnett v. United States, 889 F. Supp. 1424,1430 (D. Kan. 1995) and Sylvester v. United States 978 F. Supp. 1186 (E.D. Wis. 1997) border upon perpetrating a fraud upon the Court; both of the cited cases relate, as specified by defendant, to "actions taken during assessment of tax under 26 U.S.C. 6672", and "allegation that IRS incorrectly computed Section 6672 liability", and are completely irrelevant to the instant action. Even the third citation, Zolman v. IRS, 87 F. Supp. 2d 765 (W.D. Mich. 1999), is limited, by defendant's admission that this cited case was limited, specifying "mere assertion of improper assessment of tax liability, *without more*, is insufficient". A review of my Verified Complaint shows that there is, in fact, much more than "mere assertion of improper assessment" alleged in the instant case.

## QUESTION PRESENTED

Is defendant asking the Court to impose a "heightened pleading standard" to

---

[1] Defendant has apparently decided to abandon this long-standing basis for the affirmative defense in the instant action.

misdirect the Court into dismissal?

## DISCUSSION

Plaintiff asserts that the Amended Verified Complaint meets the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), as interpreted in *Conley v. Gibson*, 355 U.S. 41[2], and reiterated in *Jones v. Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____ (January, 2007), and that defendant's Motion to Dismiss, insofar as it asserts "failure to state a claim", is nothing more than an attempt to have the Court to impose a "heightened pleading standard".

In *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. _____, (Argued: October 30, 2006 -- Decided: January 22, 2007), the Honorable Roberts, C.J., opined that:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[3]

and,

> "...such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

Defendant's motion is a dilatory tactic, intended to needlessly increase the cost of this litigation. Even if defendant's "Hail Mary" assertion were found to have a basis, as a pro se litigant, my pleadings should be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and I should be allowed to further amend, to cure the asserted defect.

---

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Pp. 47-48.

[3] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

Based upon the foregoing, the United States' Motion to Dismiss should be denied.

Respectfully submitted,

Dated July 13, 2007

_____
Marshall R. Spahr


## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:
Beatriz T. Saiz
U.S. Department of Justice
P.O. Box 227
Washington D.C. 20044

Dated  July 13             , 2007

*Marshall R. Spahr* (signature)
Marshall R. Spahr

Spahr v. United States