IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHALL R. SPAHR, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-00362 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## REPLY IN SUPPORT OF THE DEFENDANT'S MOTION
## TO DISMISS AMENDED COMPLAINT

This is a civil action in which plaintiff seeks damages for alleged "wrongful collection" of federal taxes.

### STATEMENT

The United States moved to dismiss asserting that the amended complaint should be dismissed because the Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim since plaintiff's complaint appears to be challenging the underlying tax liability rather than any unauthorized collection. The United States has not waived its sovereign immunity over such damage claims. Further, plaintiff has failed to state an unauthorized collection claim. Finally, plaintiff seeks relief pursuant to a criminal statute and the Court lacks jurisdiction over that claim.

Plaintiff opposed the motion asserting, in part, that his complaint is not merely asserting allegations of an improper assessment. Although the United States maintains that the crux of the amended complaint is an improper challenge of the assessments made against him, the United States will address the six counts of plaintiff's amended

complaint which appear to pertain to collection.

Plaintiff alleges only six counts that relate to collections, counts 17-21 & 23. These six counts allege that the Internal Revenue Service: 1) failed to develop appropriate procedures for collection (count 17); 2) attempted to collect an assessment without notice and demand for payment (count 18); 3) engaged in harassing conduct (count 19); 4) failed to notify them of their right to a collection due process hearing (count 20); 5) asserted a lien without notice and demand for payment (count 21); and 6) asserted a lien without assessing taxes (count 23).  Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever.  Thus, these allegations fail to state a claim.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

First, plaintiff alleges that the Internal Revenue Service has failed to implement procedures regarding Section 6301 of the Internal Revenue Code.  See count 17.  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides that a taxpayer may seek damages against the United States if in connection with the collection of Federal tax an officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision or regulation of the Internal Revenue Code.  Thus, Section 7433 is limited to collection of the tax and has nothing to do with the failure to implement regulations.  As sovereign immunity has not been waived for such a claim, count 17 should be dismissed.  See Zolman v. IRS, 87 F. Supp. 2d 763 (W.D. Mich. 1999).

Second, plaintiff alleges that the Internal Revenue Service asserted a tax lien

without proper notice and demand (counts 18 and 21). The Internal Revenue Service must provide notice of a tax assessment and demand payment thereof within 60 days of an assessment, 26 U.S.C. § 6303, and must give a taxpayer 30 days notice before it can make a levy. 26 U.S.C. § 6331(d)(2).1/ Plaintiff has provided no basis for his allegations and has provided no information from which this Court can conclude that he is entitled to relief. But, plaintiff's exhibit 1 is a notice of federal tax lien (Form 668 Y). The notice of federal tax lien (Form 668) itself asserts that demand for payment was made. Form 668 states: "Demand for payment of this liability has been made, but it remains unpaid." See Ex. 1. Thus, Form 668 demonstrates that demand was made. And, if demand was made, notice was given. "[N]otice and demand are inextricably coupled." United States v. Lorson Electric Co., 480 F.2d 554, 556 (2d Cir. 1973). Accordingly, plaintiff's allegations that he did not receive proper notices and that the tax lien was filed without proper notice and demand for payment have no merit.

Third, plaintiff alleges that the Internal Revenue Service engaged in harassing conduct (count 19). Section 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." 26 U.S.C. § 6304(b). Again, plaintiff

---

1/ Section 6303 states that "the Secretary shall . . . within 60 days, after the making of an assessment of a tax . . . give notice to each person liable for the unpaid tax." 26 U.S.C. § 6303(a). Section 6321 provides that "[i]f any person liable to pay any tax neglects of refuses to pay the same *after demand*, the amount . . . shall be a lien in favor of the United States upon all property and rights to property . . . belonging to such person." 26 U.S.C. 6321.

merely recites the statutory language, without providing any information about the conduct of the Internal Revenue Service and how that conduct is cognizable under the statute. Plaintiff has failed to state a claim.

Fourth, plaintiff alleges that the Internal Revenue Service failed to hold a hearing pursuant to section 6330 of the Internal Revenue Code (count 20). Section 6330(a) provides for a 30-day notice of the right to a hearing before levy. Section 6330(a) states that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of his right to a hearing . . . not less than 30 days before the day of the first levy." 26 U.S.C. § 6330(a).

Here, plaintiff has not alleged sufficient facts to determine whether he is entitled to relief under section 6330. Plaintiff alleges that a levy has been imposed on his bank accounts and attaches Exhibits 3, 4, 5, which are copies of notices of levies sent to each bank. But it is impossible to determine whether the Internal Revenue Service notified plaintiff not less than 30 days before this levy that he had a right to a hearing and/or whether plaintiff failed to request a hearing.

Finally, plaintiff alleges that the Internal Revenue Service asserted liens for which no assessment was made (count 23). Section 6322 provides that a federal tax lien arises at the time of assessment. 26 U.S.C. § 6322. Section 6203 requires the Secretary to make an assessment. Here, plaintiff provides no facts from which this Court can determine whether plaintiff is entitled to relief. But, again, plaintiff's own exhibit 1 indicates that the Internal Revenue Service's lien was based upon assessments of taxes for tax years

1996 through 2003.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit. In none of the allegations has the plaintiff provided any information whatsoever to demonstrate his right to relief. Accordingly, he has failed to state a claim, and this Court should dismiss his complaint. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65.

## CONCLUSION

For the reasons above and those asserted in the motion to dismiss, plaintiff's complaint should be dismissed.

DATE: July 30, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARSHALL R. SPAHR, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-00362 (ESH) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing REPLY IN SUPPORT OF THE DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT was served upon the following individual(s) on July 30, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>Marshall Spahr
>710 Majestic Parkway
>Woodland Park, CO 80863

>/s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ