UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARSHALL R. SPAHR,           )<br>                              )<br>           Plaintiff,         )<br>                              )<br>     v.                       )<br>                              )<br> UNITED STATES OF AMERICA,    )<br>                              )<br>           Defendant.         )<br>                              ) | Civil Action No. 07-00362 (ESH) |

## MEMORANDUM OPINION

Plaintiff Marshall R. Spahr has filed a *pro se* amended complaint raising twenty-six boilerplate "counts" that "defendant, through principals, officers, agents, and/or employees of [the] Internal Revenue Service" ("IRS") has "disregard[ed]" the Internal Revenue Code. (*E.g.*, Am. Compl. at 4.) For each count, plaintiff seeks "damages in accordance with [26 U.S.C. §] 7433."[1] (*Id.* at 14.) The government has moved to dismiss for lack of subject matter

---

[1] Plaintiff also asserts that each of his boilerplate allegations raises "a separate and distinct violation of [26 U.S.C.] § 7214(a)(3)," for which he seeks damages "in an amount equal to the fine imposed in . . . section 7214(a)[,] . . . totaling $260,000." (Am. Compl. at 14.) It is unnecessary to discuss this claim in detail because Congress has not waived sovereign immunity with respect to claims for damages under § 7214. *See Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990); *see also Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (explaining that the Administrative Procedure Act, which plaintiff cites in his statement of jurisdiction, does not waive sovereign immunity with respect to suits for money damages). Absent a waiver of sovereign immunity, a claim must be dismissed for lack of subject matter jurisdiction. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." (citations omitted)).
  Moreover, even if the Court had jurisdiction to decide plaintiff's § 7214 claim, the claim would be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff has failed to state a claim upon which relief can be granted because, with a single exception inapplicable here, Congress has provided that "the *exclusive* remedy for recovering damages" based on allegations

jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth herein, the government's motion will be granted.

## BACKGROUND

The twenty-six counts in plaintiff's amended complaint can be grouped into seven general categories: (1) counts alleging failure to notify plaintiff of his obligation to keep records and file tax returns, failure to prepare substitute tax returns on his behalf when he failed to file tax returns, and improper use of his Social Security number (Counts 1–6 and 8); (2) counts alleging both the assessment of taxes against plaintiff and the collection of taxes from him in amounts that were not properly assessable against him and that were not properly verified or recorded (Counts 9–13, 22, and 26); (3) counts alleging failure to disclose plaintiff's tax returns or substitute tax returns, records of assessments made against him, or copies of such records (Counts 7 and 14–15); (4) counts alleging failure to satisfy statutory duties to promulgate and implement various procedures and regulations (Counts 16–17); (5) counts alleging the imposition of tax liens against plaintiff that were improper because no tax assessment was ever made, because plaintiff never received proper notice or demand, because plaintiff was denied a hearing regarding the liens, and because notices of the liens were not certified (Counts 18, 20–21, and 23–24); (6) a count alleging harassment in connection with the collection of taxes (Count 19);

---

of improper tax collection activity is § 7433.  26 U.S.C. § 7433(a) (2006) (emphasis added); *see, e.g.*, *Evans v. United States*, 478 F. Supp. 2d 68, 71–72 (D.D.C. 2007) (relying on the exclusivity provision of § 7433 to dismiss a claim for damages under 26 U.S.C. § 7431).  Moreover, as the Tenth Circuit has held, § 7214(a) is a criminal provision that does not confer a private right of action.  *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("Finally, dismissal of Mr. Andrews's claims in his second and third complaints alleging violations of 18 U.S.C. §§ 241, 371, 1001, 1341, and 1503, and 26 U.S.C. § 7214(a)(1), (2), (7), and (8), was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action.").

and (7) a count alleging criminal disclosure to third parties of plaintiff's tax return information (Count 25).

## ANALYSIS

I.   **Legal Standards**

   A.   **Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, the burden of establishing jurisdiction lies with the plaintiff. *E.g.*, *Martens v. United States*, No. 05-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007). Jurisdiction must be established by a preponderance of the evidence. *E.g.*, *id.*

   B.   **Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Id.* (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)). Although a plaintiff need not provide "detailed factual allegations," it is "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Rather, "[t]he facts alleged [in the complaint] 'must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). "The court need not accept as true inferences unsupported by facts set out in the

complaint or legal conclusions cast as factual allegations." *Id.*

## II.     Most Counts Will Be Dismissed for Lack of Jurisdiction

Plaintiff seeks to establish jurisdiction based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and § 7433.[2] (*See* Am. Compl. at 2–3.) It is well settled, however, that the APA does not waive sovereign immunity with respect to suits for money damages. *See, e.g., Buaiz v. United States*, 471 F. Supp. 2d 129, 138 (D.D.C. 2007) ("By its express terms, . . . the APA does not waive immunity for claims seeking money damages."). Thus, plaintiff's claims must be dismissed for lack of jurisdiction unless they fall within the waiver of sovereign immunity provided in § 7433. *See, e.g., id.* at 134 ("[F]ederal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver.").

For the reasons discussed by the Honorable Rosemary M. Collyer in *Buaiz*, the waiver of sovereign immunity provided in § 7433 is limited to claims that "aris[e] from the *collection* of income taxes." *Id.* at 136 (emphasis added); *see id.* at 135–36. Section 7433 does *not* give the Court jurisdiction over "[c]laims that the IRS has incorrectly determined the amount of taxes owed" or any other claims that do not directly arise from the IRS's collection activities. *See id.* at 136.

---

[2]In addition, as is common in the scores of *pro se* tax cases that have flooded this Court, the "jurisdiction" section of plaintiff's amended complaint includes a cursory reference to unspecified provisions of the Federal Records Act and the National Archives Act. (*See* Am. Compl. at 2–3.) Neither statute, however, provides the necessary waiver of sovereign immunity. *See Buaiz v. United States*, 471 F. Supp. 2d 129, 138 (D.D.C. 2007) ("Nor do any of the other statutory . . . provisions implicitly or explicitly referenced in the Amended Complaint [including the Federal Records Act and the National Archives Act] provide a waiver of the United States' sovereign immunity."); *see also Ross v. United States*, 460 F. Supp. 2d 139, 148–49, 151 n.8 (D.D.C. 2006) (explaining that the exclusivity provision of § 7433 precludes claims for damages based on violations of the Federal Records Act and National Archives Act, *inter alia*, that occur in connection with tax collection activity).

Here, most of plaintiff's claims clearly fall outside § 7433's limited waiver of sovereign immunity. The claims in the first group (Counts 1–6 and 8) arise from defendant's alleged failure to notify plaintiff of his obligation to keep records and file tax returns, failure to prepare substitute tax returns on plaintiff's behalf, and improper use of plaintiff's Social Security number. These claims do not arise from efforts to collect taxes. *See id.* at 136 (dismissing Counts 1, 2, and 4). Similarly, the claims in the second group (Counts 9–13, 22, and 26) "all arise from the *assessment* of taxes and are therefore beyond § 7433's sovereign immunity waiver." *Id.* (emphasis added). It is also clear that the claims in the third group (Counts 7 and 14–15), which allege that defendant failed to disclose returns and assessments upon plaintiff's request, fall outside § 7433's waiver of sovereign immunity. *See id.* (dismissing claims "related to the IRS's alleged failure to disclose to [the plaintiff] . . . tax returns, assessments, and other tax records" for lack of jurisdiction). Finally, the claims in the fourth group (Counts 16–17) arise from defendant's alleged failure to promulgate regulations and procedures that plaintiff contends were required under 26 U.S.C. §§ 6211 and 6301. As defendant has cogently argued, claims based on an alleged failure to promulgate regulations and procedures do not implicate § 7433's prohibition against collection activity that disregards provisions of, or regulations under, the Internal Revenue Code. (*See* Reply at 2.) Thus, because Counts 1–17, 22, and 26 do not arise from tax collection activity, those claims must be dismissed under Rule 12(b)(1) for lack of jurisdiction. *See id.* at 135–36.

### III.    The Remaining Counts Will Be Dismissed for Failure to State a Claim

Counts 18–21 and 23–25 will be dismissed under Rule 12(b)(6) for failure to state a claim

upon which relief can be granted.[3]

Counts 18, 21, 23, and 25 fail to state a claim upon which relief can be granted because they are based on allegations that are flatly contradicted by exhibits that plaintiff has attached to his amended complaint. *See, e.g.*, *Braude & Margulies, P.C. v. Fireman's Fund Ins. Co.*, 468 F. Supp. 2d 190, 195 (D.D.C. 2007) (explaining that a court need not "accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint" (quoting *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004)). In Counts 18 and 19, plaintiff alleges that the IRS asserted tax liens against him without proper notice and demand. (*See* Am. Compl. at 11 (alleging, in Count 18, that the IRS "failed to 'within 60 days after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.'" (quoting 26 U.S.C. § 6303)); *id.* at 11-12 (alleging, in Count 21, that the IRS asserted two notices of lien against him (attached as "Exhibits 1 and 2") "without giving proper notice and without making demand").) In Count 23, plaintiff alleges that two notices of lien (attached as "Exhibits 1 and 2") were unlawfully "made, executed, and issued" for "amounts for which no assessment was made." (*Id.* at 12.) Similarly, in Count 25, plaintiff alleges that defendant "unlawfully disclosed return information [] by filing

---

[3]It bears mention that, in *Buaiz*, Judge Collyer dismissed claims similar or identical to plaintiff's Count 19 (alleging harassment in connection with the collection of taxes) and Count 25 (alleging that, by filing notices of liens, defendant disclosed return information in violation of 26 U.S.C. § 7213) for lack of jurisdiction, characterizing them as "noncollection" claims. *See* 471 F. Supp. 2d at 136 (stating that a claim "related to the IRS's alleged . . . wrongful disclosure to third parties of[] tax returns" was "unrelated to the collection of taxes and [fell] outside the scope of § 7433"); *id.* at 137 (dismissing claims that alleged harassment "in connection with collection" for lack of jurisdiction because the plaintiff's "factual allegations . . . [made] clear that the alleged wrongful conduct was in connection with investigative subpoenas that the IRS [had] served on [the plaintiff], not in connection with collection activities").

two Notice(s) of Lien into the Public Record[] in stated amounts for which no record of assessment exists." (*Id.* at 13.) Contrary to plaintiff's allegations, the exhibits on which he relies clearly reflect that the IRS made assessments and demands for payment. (*See id.* Exs. 1, 2 (stating, on Forms 688(Y), "that taxes . . . have been assessed," listing the date of each assessment, and explaining that "[the IRS has] made a demand for payment"); *see also id.* Exs. 3–5 (listing the unpaid balance of assessments against plaintiff and stating that, "[a]lthough [the IRS] . . . told [plaintiff] to pay the amount . . . owe[d], it is still not paid").) Thus, plaintiff's allegations that defendant filed notices of tax liens without first making assessments or demanding payment are contradicted by his own exhibits. Similarly, because "notice and demand are inextricably coupled," plaintiff cannot rely on allegations that he failed to receive notice of his tax liability. *United States v. Lorson Elec. Co.*, 480 F.2d 554, 556 (2d Cir. 1973). Thus, Counts 18, 21, 23, and 25 must be dismissed for failure to state a claim upon which relief can be granted.

Two of plaintiff's remaining claims (Counts 19 and 20) are simply too conclusory to survive defendant's motion to dismiss. *See, e.g.*, *Miller v. United States*, No. 06-1250, 2007 WL 2071642, at *2 (D.D.C. July 19, 2007) ("While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations."). Count 19, which states that defendant "engaged in 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax,'" does no more than parrot the language of 26 U.S.C. § 6304(b). (Am. Compl. at 11 (quoting § 6304(b)).) Plaintiff has failed to make any *factual* allegations from which the Court can infer that employees of the IRS engaged in conduct

that could be characterized as harassing, oppressive, or abusive. *Cf.* 26 U.S.C. § 6304(b)(1)–(4) (2006) (listing as examples of such conduct "[t]he use or threat of use of violence or other criminal means to harm" a person's body, reputation, or property; "[t]he use of obscene or profane language;" making telephone calls "repeatedly and continuously with intent to annoy, abuse, or harass;" and "the placement of telephone calls without meaningful disclosure of the caller's identity"). Similarly, plaintiff has failed to allege sufficient facts to prove his claim in Count 20. He alleges that defendant "failed to hold a hearing in conjunction with" §§ 6320 and 6330, but he fails to allege that he ever requested a hearing as those statutes require. (Am. Compl. at 11.) Thus, because Counts 19 and 20 assert bare legal conclusions, these claims will be dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (explaining that, although a plaintiff need not provide "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (alteration in original) (citations omitted)).

Plaintiff's sole remaining claim (Count 24) will be dismissed because it lacks even arguable merit. *See, e.g.*, *Lewis v. Green*, 629 F. Supp. 546, 549 (D.D.C. 1986) (explaining that, even in *pro se* cases, "dismissal may be appropriate for those claims simply without arguable merit both in law and fact"). Plaintiff alleges that defendant "failed to certify [the] Notice(s) of Lien [attached as] Exhibits #1 and #2" as required under 26 U.S.C. § 6323(f)(1)(A). (Am. Compl. at 13.) Contrary to plaintiff's assertion, however, § 6323 has no certification requirement. *See* 26 U.S.C. § 6323 (2006). To the extent that plaintiff contends that § 6323

contains an implicit certification requirement because it provides that notices of liens against property must be filed "in the office with the State . . . , as designated by the laws of such State, in which the property subject to the lien is situated," *see id.* § 6323(f)(1)(A)(i), and "the Uniform Federal Tax Lien Registration Act, as enacted in Colorado," requires certification (Am. Compl. at 13), his claim still lacks merit.  It is well settled that the form and content of a notice of federal tax lien are controlled by federal, not state, law.  *See* 26 U.S.C. § 6323(f)(3) ("The form and content of [a notice of federal tax lien] shall be prescribed by the Secretary.  Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien."); *United States v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 293–94 (1961).  Federal law provides that a notice of federal tax lien is valid when filed on a Form 668.  *See* 26 C.F.R. § 301.6323(f)-1(d) (2007) ("The notice referred to in § 301.6323(a)-1 shall be filed on Form 668, 'Notice of Federal Tax Lien Under Internal Revenue Laws[.']  Such notice is valid notwithstanding any other provision of law regarding the form or content of a notice of lien.").  Here, the notices at issue were filed on Forms 668.  (*See* Am. Compl. Exs. 1, 2.)  Thus, irrespective of the recording requirements under Colorado law, the notices of lien about which plaintiff complains were valid.  *See, e.g.*, *Tolotti v. Comm'r*,  83 T.C.M. (CCH) 1436, 2002 WL 550016, at *5 (2002) (rejecting a taxpayer's claim that the IRS could not "proceed with collection on the ground that the Notice of Federal Tax Lien filed with the Washoe County Recorder in Reno, Nevada, was not certified as required under [Nevada law]").  Accordingly, in addition to Counts 18–21, 23, and 25, Count 24 will be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   August 17, 2007